# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JAMES T. DEJARNETTE,**

    **Plaintiff,**

                          Civil Action 2:18-cv-520
                          Judge Algenon L. Marbley
    **v.**                        Magistrate Judge Chelsey M. Vascura

**WARDEN TIMOTHY SHOOP,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

Plaintiff, James T. DeJarnette, a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against Chillicothe Correctional Institution ("CCI") Warden Timothy Shoop and prison employees and officials, alleging due process claims relating to prison disciplinary proceedings and a resulting change in his security status. On May 31, 2018, the United States Magistrate Judge issued an Order and Report and Recommendation (ECF No. 5) in which she granted Plaintiff's motion for leave to proceed *in forma pauperis* and recommended dismissal of Plaintiff's action for failure to state a claim on which relief may be granted. This matter is before the Court for consideration of the Report and Recommendation (ECF No. 5), Plaintiff's Objection to the Report and Recommendation (ECF No. 6), and Plaintiff's First Amended Complaint (ECF No. 9). For the reasons that follow, the Court **STRIKES** Plaintiff's First Amended Complaint, **OVERRULES** Plaintiff's Objections, **ADOPTS** the Report and Recommendation, and **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e)(2) for failure

to state a claim.

## I.  BACKGROUND

In his April 2018 Complaint (ECF No. 1), Plaintiff alleges that he was found guilty of a charge in a conduct report as a result of defects in the disciplinary proceedings before the Rules Infraction Board ("RIB"). Plaintiff alleges that consequently, his security level was increased. In terms of relief, Plaintiff asks the Court to remove the conduct charge from his record and decrease his security level.

The Magistrate Judge issued a Report and Recommendation (ECF No. 5) recommending that Plaintiff's action be dismissed pursuant to § 1915(e)(2) for failure to state a claim, reasoning as follows:

> Plaintiff's due process claims concerning the prison disciplinary proceedings fail to state a claim of relief. "[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).
>
> Plaintiff's due process claim fails because he has not identified a constitutionally protected liberty interest that the RIB proceedings implicated. "Failing to follow proper procedures is insufficient to establish an infringement of a liberty interest." *Grinter v. Knight*, 532 F.3d 567, 574, 576 (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)). Rather, "[a]n inmate establishes a liberty interest when a change in conditions of confinement 'imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison life.'" *Williams v. Lindamood*, 526 F. App'x 559, 562 (6th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "To determine whether changed conditions are 'atypical and significant,' a reviewing court considers both the duration and the nature of the more restrictive confinement relative to 'prison norms and to the terms of the individual's sentence.'" *Id*. (quoting *Harden–Bey v. Rutter*, 524 F.3d 789, 792–93 (6th Cir. 2008)).
>
> To the extent Plaintiff is alleging that the RIB verdict impacted his security level, in the absence of allegations reflecting that his new security level has resulted in "atypical and significant" changed conditions, he has failed to sufficiently implicate a liberty interest arising from the Due Process Clause. *Harbin–Bey v.*

> *Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) ("[A]n increase in security classification . . . does not constitute an 'atypical and significant' hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." (internal quotation marks and citations omitted)); *cf. Wilkinson*, 545 U.S. at 222–23 ("[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement."); *Meachum v. Fano*, 427 U.S. 215, 228 (1976) (no due process violation arising from transfer to a maximum-security prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose")); *but see Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (holding that an inmate's transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship" given the combination of extreme isolation of inmates, prohibition of almost all human contact, indefinite duration of assignment, and disqualification for parole consideration of otherwise eligible inmates).

(Report & Rec. 5-6, ECF No. 5.)

Plaintiff timely filed an Objection to the Report and Recommendation (ECF No. 6). In his Objection, Plaintiff argues that the policies the Ohio Department of Rehabilitation and Correction ("ODRC") employ create a liberty interest. Therefore, Plaintiff reasons, Defendants' failure to follow these procedures implicate his due process rights. He also disputes the Magistrate Judge's conclusion that he lacks a constitutionally protected liberty interest in his security level.

Plaintiff contemporaneously filed a Motion for Leave to File a First Amended Complaint (ECF No. 7), seeking to amend his Complaint to correct the deficiencies identified in the May 31, 2018 Order and Report and Recommendation, as well as to assert new claims. The Court granted Plaintiff's Motion for Leave to File Amended pursuant to Federal Rule of Civil Procedure 15(a), giving Plaintiff thirty days to file an amended complaint, but limited Plaintiff as follows:

> [Plaintiff's] forthcoming Amended Complaint may only seek to cure the deficiencies outlined in the May 31, 2018 Order and Report and Recommendation (ECF No. 5) and assert any claims arising out of the facts and circumstances alleged in the Complaint to the extent he can do so under Federal Rule of Civil Procedure 11(b). Put another way, Plaintiff may not, in his forthcoming Amended Complaint, assert new claims that are unrelated to allegations in the original

>    Complaint. To the extent Plaintiff seeks to assert new, unrelated claims, he must file a new action.

(June 18, 2018 Order 2, ECF No. 8.)

Thereafter, on June 29, 2018, Plaintiff filed his First Amended Complaint ("FAC") (ECF No. 9). In this FAC, Plaintiff brings new, unrelated claims against new defendants, including First Amendment retaliation claims, claims of deliberate indifference to his medical needs in violation of the Eighth Amendment, an Eighth Amendment claim premised upon the condition of his cell, and a claim for property loss. As related to the due process claims advanced in his original Complaint, Plaintiff complains that the conditions at his new, higher-security prison (WCI) are much worse, because (1) he is housed in a smaller cell with two people; (2) he is kept in a cell 16 hours per day; (3) he is denied over-the-counter medications; (4) he is denied adequate access to a law library; (5) he experiences a delay in receiving his legal mail; (5) his outgoing mail goes missing; (6) he only gets one hour of recreation per day; (7) the water is sometimes brown and polluted with iron and calcium; (8) the prison is often on lockdown due to gang fights; and (9) the food is horrible and full of starch and fillers, and the kitchen has rats and roaches. In addition, Plaintiff says the transfer will impact his ability to obtain an early judicial release, which he asserts implicates a liberty interest.

## II. STANDARD ON REVIEW OF THE REPORT AND RECOMMENDATION

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). The Court must "construe the complaint in the light most favorable to the plaintiff [and] accept all well-pleaded factual allegations as true." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

Further, the Court holds pleadings by a *pro se* litigant "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and may not uphold the dismissal of such a pleading "simply because the court finds the plaintiff's allegations unlikely." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A *pro se* litigant's pleadings must be, and in this instance are, construed liberally. *Haines*, 404 U.S. at 520–21.

### III. ANALYSIS

#### A. Plaintiff's Objections to the Report and Recommendation

Having conducted a *de novo* review, the Court finds Plaintiff's objections to the Report and Recommendation to be unpersuasive. The Court agrees with the Magistrate Judge that Plaintiff's due process claim fails because he has not identified a constitutionally protected liberty interest that implicates the due process clause. In his Objection, Plaintiff argues that the ODRC's failure to follow its policies implicates a liberty interest and also that he has a liberty interest in his security classification. Plaintiff is incorrect.

First, a prison officials' failure to follow policies, procedures, or regulations does not implicate the Due Process Clause. *See Grinter v. Knight*, 532 F.3d 567, 574, 576 (6th Cir. 2008) ("Failing to follow proper procedures is insufficient to establish an infringement of a liberty

interest." (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)); *Spears v. Engstrom,* No. 11-cv-15542, 2012 WL 2992603, at *2 (E.D. Mich. July 20, 2012) (collecting cases for the proposition that a prison's directives "do not create protectible liberty interests," and a prison official's failure to follow policy "does not, in and of itself, rise to the level of a constitutional violation").

Second, Plaintiff has no constitutionally protected liberty interest in his security classification. "[A]n increase in security classification . . . does not constitute an 'atypical and significant' hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." *Harbin–Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (internal quotation marks and citation omitted); *see also Moody v. Daggett*, 429 U.S. 79, 88 n.9 (1976) (change in "prisoner classification" does not implicate a due process right); *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003) (holding that a change in security classification does not "give rise to a protected Fourteenth Amendment Liberty interest"); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (holding that inmate's change in security classification or housing assignment did not implicate the Due Process Clause).

Because Plaintiff has not identified a constitutionally protected liberty interest that implicates the Due Process Clause, the Court **ADOPTS** the Report and Recommendation in its entirety, **OVERRULES** Plaintiff's Objections, and **DISMISSES** this action pursuant to § 1915(e)(2).

**B. Plaintiff's First Amended Complaint**

As set forth above, notwithstanding the Court's order that Plaintiff could not file an

amended complaint to assert new, unrelated claims, Plaintiff's FAC advanced a number of new, unrelated claims against new defendants, including First Amendment retaliation claims, claims of deliberate indifference to his medical needs in violation of the Eighth Amendment, an Eighth Amendment claim premised upon the condition of his cell, and a claim for property loss. (*See* FAC, ECF No. 9.) The Court therefore **STRIKES** Plaintiff's First Amended Complaint. *See Hetep v. Warren*, 27 F. App'x 308, 309 (6th Cir. 2001) (district court did not abuse discretion in denying amendment to allege new, unrelated claims); *Dyess v. Mullins*, No. 1:16-cv-910, 2017 WL 3838642, at *3 (S.D. Ohio Sept. 1, 2017) (denying amendment of complaint to add new, unrelated claims and noting that "little prejudice will result to [the plaintiff] by requiring him to file a separate new complaint . . . rather than appending the new claims to this case"); *cf. George v. Smith*, 507 F.3d 605, 506 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." (citing 28 U.S.C. § 1915(g)).

The Court declines to permit Plaintiff to file yet another amended complaint to assert only those new allegations from his FAC that relate to the claims in his original complaint because permitting such an amendment would be futile. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) ("A court need not grant leave to amend, however, where amendment would be 'futile.' (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller*, 408. F.3d at 817.

Plaintiff's allegation that his transfer to a new prison will impact his ability to obtain an

early judicial release, accepted as true, fails to save his due process claims. To establish a due process violation relating to actions impacting parole consideration, a plaintiff "must first show that he . . . has a protected property or liberty interest in parole." *Settle v. Tenn. Dep't of Corrs.*, 487 F. App'x 290, 290–91 (6th Cir. 2012) (citations omitted). "A liberty interest in parole eligibility derives only from state law." *Id.* at 291 (citations omitted); *see also Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005) ("[T]here is no fundamental right to parole under the federal constitution."). "[I]t is well established that Ohio law does not create a protected liberty interest in release from parole." *Jergens v. State of Ohio Dep't of Rehab. & Corrs. Adult Parole Auth.*, 492 F. App'x 567, 570 (6th Cir. 2012). Because Plaintiff has no liberty interest in early judicial release, a due process claim premised upon his allegation that his parole eligibility may be impacted would not survive a motion to dismiss.

Plaintiff's allegations reflecting a variety of complaints about the conditions of confinement at his new prison likewise fail to establish the requisite liberty interest arising from the Due Process Clause. As the Magistrate Judge explained in the Report and Recommendation, "a prisoner has no constitutional right to remain incarcerated in a particular prison," *Harbin–Bey*, 420 F.3d at 577, and "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement," *Wilkinson*, 545 U.S. at 222–23. *See also Meachum*, 427 U.S. at 228 (no due process violation arising from transfer to a maximum-security prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose"). Moreover, with the exception of his complaints about his cell size and the length of time he is confined in his cell, the specific conditions about which Plaintiff complains are not standard conditions for higher-security

8

prisons, but rather conditions specific to Warren Correctional Institution ("WCI"). Thus, such complaints about the conditions of confinement at WCI are more properly advanced against the responsible WCI prison officials by way of an Eighth Amendment claim, as contrasted with the Fourteenth Amendment due process claims Plaintiff advances against CCI prison officials in this action. *Cf. Powell v. Washington*, No. 17-1262, 720 F. App'x 222, 727-28 (6th Cir. 2017) (concluding that inmate's transfer to cell with worse conditions could not constitute an adverse action for purposes of a First Amendment retaliation claim because the conditions alleged were not part of a "uniform set of conditions" in that particular institution and proceeding to analyze whether the alleged conditions violated the Eighth Amendment). Finally, Plaintiff's allegations about the cell size at WCI and his confinement to his cell for sixteen hours per day with only one hour of exercise per day are insufficient to state a viable due process claim. *See, e.g.*, *Williams v. Lindamood*, 526 F. App'x 559 (6th Cir. 2013) (placement in segregation with limited access to exercise, visitation, and communication for 19 months not an atypical and significant change in conditions of confinement); *Minnifield v. Chandler*, No. 3:07CV-P207-S, 2007 WL 4602694, at *4 (W.D. Ky. Dec. 7, 2007) (placement in a 9 x 6 x 12 cell with only one hour of recreation time 5 days a week and ten-minute showers three days a week was not an atypical and significant hardship violative of procedural due process protections); *cf. Sandin,* 515 U.S. at 486 n.8 (noting that "[g]eneral population inmates are confined to cells for anywhere between 12 and 16 hours a day"); *Rodgers v. Jabe*, 43 F.3d 1082, 1086–87 (6th Cir. 1995) (no minimum amount of outdoor exercise required to avoid Eighth Amendment violation). Thus, Plaintiff's allegations relating to the conditions at WCI do not save his due process claim against CCI prison officials.

In summary, the Court **STRIKES** Plaintiff's FAC because he advanced new, unrelated

9

claims in violation of this Court's June 18, 2018 Order.  Plaintiff may advance these new claims in a separate action.  The allegations in Plaintiff's FAC that relate to his original claims do not cure the deficiencies outlined in the Magistrate Judge's Report and Recommendation.  The Court therefore declines to permit Plaintiff additional leave to file yet another amended complaint.

## IV.   DISPOSITION

For the reasons set forth above, the Court **STRIKES** Plaintiff's First Amended Complaint (ECF No. 9), **OVERRULES** Plaintiff's Objections (ECF No. 6), **ADOPTS** the Report and Recommendation (ECF No. 5), and **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.

**IT IS SO ORDERED.**

<u>s/Algenon L. Marbley</u>
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:   January 18, 2019**